UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ANDREW MULDOON                             :     Case No.: 07 CV 3535
                                           :
           Plaintiff,                  :     **COMPLAINT**
                                           :
   - against -                            :
                                           :
                                           :
VALERIE RED-HORSE                          :
                                           :
                                           :
           Defendant.                  :
-------------------------------------------------------------------------x

   Plaintiff, Andrew Muldoon, complaining of the Defendant, Valerie Red-Horse, by his attorneys, McCabe, Flynn & Arangio, alleges as follows:

## STATEMENT OF JURISDICTION

   Jurisdiction herein is based on 28 U.S.C. sec. 1332, diversity of citizenship of the parties and on the fact that the cause of action herein arose in this District and a substantial portion of the activities giving rise to the claim occurred in this District. The amount in controversy herein exceeds $200,000.00 dollars.

## AS AND FOR A FIRST CAUSE OF ACTION

1.    Plaintiff, Andrew Muldoon, is a natural adult person who is a resident of the State of New Jersey and who conducts business in the City and County of New York as one of the principals of a securities investment firm named Highlander Asset Management..

2.    Defendant, Valerie Red-Horse, is a natural adult person who is a resident of the State of California who was also employed in the securities investment business by a firm named Native Nations Securities..

3. Upon information and belief, at all relevant times herein Defendant was also an officer, director, stockholder, member, partner, manager or otherwise financially interested in an entity named Naturally Native Productions, LLC, a California Limited Liability Company ( hereinafter the "Company").

4. Upon information and belief, the Company produced a feature length motion picture entitled "Naturally Native", which was to be distributed for commercial profit in motion picture theaters.(hereinafter the "Film").

5. Upon information and belief, at all relevant times herein defendant was an officer, director, stockholder, member, partner, manager or otherwise financially interested in an entity named Red-Horse Native Productions, Inc., a California business corporation (hereinafter the "Corporation").

6. Prior to December 13, 1999, Defendant, as part of plan to solicit investors for the distribution of the Film, approached plaintiff and entered into an arrangement with him to loan the sum of $200,000.00 to the venture, pursuant to a document entitled "Naturally Native Productions, LLC Distribution Investment Term Sheet". (hereinafter the "Term Sheet").

7. The Term Sheet, which was delivered to Plaintiff by Defendant on December 13, 1999, and signed by the parties on that date, provided in relevant part as follows:

"*Having received a verbal commitment from Andrew Muldoon (investor) for the investment of 2 units, ($200,000.00), please note that the above terms will apply and furthermore,* **Valerie Red-Horse (the manager) personally guarantees repayment of loan**. *Should the exploitation of the film NATURALLY NATIVE not generate the projected returns expected, the manager will collateralize said loan with proceeds from her personal share of income derived from the business NATIVE NATIONS SECURITIES, INC." (Emphasis supplied)*

8. On December 15, 1999, pursuant to the requirements of the Term Sheet, Plaintiff wire

transferred the sum of $200,000.00 to a bank account maintained by Red-Horse Native Productions, Inc. in the State of California and Defendant accepted such sum.

9. The Term Sheet also provided in pertinent part as follows:

*"**100% of all amounts actually received by the Producer from the distribution and exploitation of the picture("gross" receipts")** shall be payable to distribution investors until recoupment of their initial investment, plus a 5% non-compounded interest*, ("Investor's Share"). *During the term of domestic distribution such amounts in excess of the total amount received by Producer from this offering as Producer elects in its good faith judgment to recycle into continued distribution expenses of the picture.* **Repayment to begin one year after release date which was 10/9/99** *and shall be accounted for and paid monthly for the first three (3) months thereafter and quarterly after that, thirty (30) days after the end of the applicable accounting period.*

10. Since Plaintiff received no payments from the venture as called for in the term sheet Plaintiff made a written demand to Defendant to repay the $200,000.00 he had loaned to Defendant on or about September 14, 2004.

11. On or about September 28, 2004 Defendant responded in writing to Plaintiff's written demand for payment in which she declined to repay the loan, claiming that despite the fact that she had personally guaranteed the loan, she did not believe she was required to pay because the Film had not realized any profits, and that collateral that was to be used to secure the loan was not available.

12. On or about September 28, 2004 Plaintiff made a second written demand for repayment of the loan including 5% interest thereon as set forth in the Term Sheet.

13. By reason of these premises, there became due and owing from Defendant to Plaintiff the sum of $200,000.00 together with interest.

14. In or about November, 2004, Plaintiff filed a lawsuit in the Supreme Court of the state of New York, County of New York against defendant under New York County Index No. 603769-04 entitled <u>Andrew Muldoon v. Valerie Red-Horse</u>. On December 14, 2004 that action was removed

to this Court and assigned Civil Action No 04-9810. On December 29, 2004 the case was reassigned to Judge Lewis A. Kaplan.

15. Thereafter, the parties entered into a settlement agreement dated as of January 31, 2005, whereby the aforesaid civil action was dismissed in exchange for the delivery of a new promissory note from Defendant to Plaintiff. The stipulation and order of Dismissal was dated March 22, 2005. A true copy of the settlement agreement is annexed hereto as Exhibit "A". A true copy of the new promissory note dated February 8, 2005 from Defendant to Plaintiff is annexed hereto as Exhibit "B".

16. Pursuant to the terms of the settlement agreement and the new promissory note Defendant agreed to pay plaintiff the sum of $210,000.00 if the note was not paid in full by December 31, 2006, in equal monthly installments of $8,400.00 per month commencing on January 1, 2007.

16. Despite due demand for payment having been made therefor by Plaintiff, on January 5, 2007, Defendant has wholly failed and refused to pay Plaintiff the sum of $210,000.00 either in the form of a lump sum payment or in equal monthly installments of $8,400.00 per month as aforesaid. A true copy of Plaintiff's counsel's demand letter to Defendant is annexed hereto as Exhibit "C".

18. On January 8, 2007 Defendant wrote to Plaintiff's counsel and requested additional time to pay the note, while at the same time acknowledging liability for the debt. A true copy thereof is annexed hereto as Exhibit "D".

    WHEREFORE, Plaintiff demands judgment as follows:

1. On the first cause of action in the amount of $210,000.00 with interest thereon together with the costs and disbursements of this action.

    Dated: New York, N.Y.

April 30, 2007

                        McCABE &FLYNN, LLP

        By: _____
             William B. Flynn, Esq.
             (WBF 4825)
             Attorneys for Plaintiff
             One Whitehall Street, Suite 1825
             New York, NY 10004
             Tel. No. 212-248-7200